## A. S. WILCOX vs. KEKAHUNA.

EXCEPTIONS TO RULING OF THE CIRCUIT COURT, FOURTH JUDI-
CIAL CIRCUIT. (Bickerton, J., presiding; Hardy, Circuit
Judge).

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNAN-
DER, J., absent.

The plaintiff in an action of ejectment claimed title under W., who
claimed under an unrecorded deed from K., executed in 1851 or
1852.

Evidence was given that W. had received rent from P. until his
death in 1883, when he leased the land to P.'s widow for life. She
died in 1884, and her son (the defendant) entered and claimed
title through her. The defendant moved for a non-suit, but the
Circuit Court gave judgment for plaintiff.

Held, that there was evidence to support the judgment, and the ex-
ceptions therefore overruled.

OPINION OF THE COURT, BY PRESTON, J.

This is an action of ejectment, tried without a jury, by the
Circuit Court of the Fourth Judicial Circuit, at the last Febru-
ary Term, when judgment was rendered for plaintiff.

The land in question was awarded by the Land Commis-
sioners to one Kamalo (k).

The plaintiff claimed by virtue of a conveyance from H. A.
Widemann, dated the 24th of May, 1886, who claimed under an
unrecorded conveyance from Kamalo, alleged to have been
executed by him in the year 1851 or 1852. This conveyance
could not be found, and it is supposed that it was destroyed by a
fire which consumed Mr. Widemann's house and contents.

Evidence was given by Widemann of these facts, and it was
also proved that he had received rent from one Papawaa until
his death in 1883, and that he then leased the land to the widow

of Papawaa (Kealakai) for her life, and ·that she continued in occupation until her death, which occurred in March, 1884. The defendant is a son of Kealakai.

It was also proved that Kamalo had told several witnesses that he had sold the land to Widemann, and it was also proved that the defendant had twice applied to Widemann to purchase the land.

Other testimony in corroboration was also given.

At the conclusion of the plaintiff's case, the defendant's counsel moved for a non-suit on the ground that no evidence had been given of the execution and delivery or contents of the alleged conveyance to Widemann, which motion was overruled by the Court.

The defendant excepted to this ruling and perfected his bill of exceptions, which were argued before us on the 27th of April.

We are of the opinion, and there can be no doubt, that there was abundant evidence to support the plaintiff's claim, and we cannot see any ground whatever to support the defendant's exceptions.

The ruling of the Circuit Court was correct and the exceptions are dismissed.

*A. Rosa*, for plaintiff.

*Holokahiki* and *Kane*, for defendant.